# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MARION P. DEMOSS, BARBARA J. GALYEN, and PATRICIA J. KELLEY )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TERRY L. KRETZ, GEORGE THORPE, )<br>and MICHAEL C. LYNN )<br>)<br>Defendants. ) | Case No.: 3:07-0405<br>Judge Hayes<br>JURY DEMAND |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT MICHAEL LYNN'S MOTION FOR A MORE DEFINITE STATEMENT

Come now the Plaintiffs, Marion P. DeMoss, Barbara J. Galyen, and Patricia J. Kelley, by and through Counsel, and hereby submit the following Response in Opposition to Defendant Michael Lynn's Motion for a More Definite Statement.

## ARGUMENT

**I. The Complaint meets the pleading requirements of Rule 8 and is not sufficiently unintelligible to warrant a more definite statement.**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, all that is required "is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). The Plaintiffs' Complaint goes into great detail to describe the specific activities of Defendants Michael Lynn, Terry Kretz, and George Thorpe. To the extent possible, Plaintiffs specified the specific Defendants implicated in each of these claims. When the claim is against all three Defendants, then the terms

"Defendants" or "Defendant-Sellers" is used. When the claim is against less than all of the Defendants, then each Defendant is individually named. For example, Paragraph 118 of the Complaint states, "Defendants Kretz and Lynn initiated the sale of the promissory notes from Hanover to Plaintiff Kelley." The claim is specifically against Defendants Kretz and Lynn and not against Defendant Thorpe. Despite the liberal pleading requirements of Rule 8(a), Plaintiffs have made the allegations contained in the Complaint as specific as possible to afford the Defendants adequate notice. No more is required of the Plainitffs.

"A motion for more definite statement "is designed to strike at unintelligibility rather than simple want of detail. . . [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." Merritt v. Con-Way Cent. Express, Inc., 2006 U.S. Dist. LEXIS 72607, *4 (D. Ohio 2006) (Quoting Jakovich v. Hill, Stonestreet & Co., 2005 U.S. Dist. LEXIS 30180 (N.D.Ohio 2005)). "In light of the modern practice of notice pleading and the availability of pretrial discovery procedures, Rule 12(e) motions are not favored by courts." Id. at *5.

In Merritt, the defendants claimed that the Complaint was too vague and as a result they were unable to tell which defendants were responsible for which alleged wrongs. Id. Some of the claims were against all the defendants while others were against a single defendant. The court denied the defendants' motion for a more direct statement. Id. at *5-6.

> In the instant case, Mr. Merritt [the plaintiff] specifically states which Counts are alleged against which defendants. Count I is directed at "Defendant Con-Way Central Express," whereas Counts II-VIII are directed at "All Defendants." Therefore, [plaintiff] claims that all defendants named in the Complaint are responsible for committing the acts alleged in Counts II-VIII. Furthermore, when Mr. Merritt intends

> to identify an individual defendant, he uses a modifier, e.g. "Defendant Con-Way Central Express," or the singular form of "defendant."...Mr. Merritt refers to all named defendants when he makes allegations against "defendants" without identifying a specific party.

Id. at *7. Like in Merritt, the Plaintiffs in this case have specified which Defendants are responsible for committing which acts. Each of the Plaintiffs' counts are directed at either all of the Defendants (in which case the terms "Defendant-Sellers" or "Defendants" are used) or are directed at specific Defendants (in which case the Defendants are specifically named).

The court in Merritt continued by holding that the complaint contained sufficient factual allegations so that each of the defendants was put on notice.

> There is enough factual background [in the complaint] to put all of the named defendants on notice of the nature of Mr. Merritt's claims and for all defendants to admit or deny Mr. Merritt's factual allegations. Any factual details that are lacking in the Complaint may be revealed through the discovery process. Therefore, this Court concludes that Mr. Merritt's use of the term "defendants" is not so vague and ambiguous that the defendants are unable to formulate a responsive pleading. The Complaint does not reach the level of unintelligibility required for the Court to grant a motion for a more definite statement.

Id. at *8.

The Plaintiffs' Complaint is as precise as possible given the complexity of the case and the lack of discovery. Defendant Lynn's claim that switching between the use of "Defendant-Sellers" and naming individual Defendants causes the complaint to be vague is without merit. By switching between "Defendant-Sellers" and individual Defendants, the Plaintiffs focused their allegations so that specific Defendants were alleged to have committed specific acts rather than simply alleging that all Defendants committed all of the alleged acts. Like in Merritt, the Plaintiffs limited certain counts to certain Defendants where applicable. This does not render the Complaint unintelligible but rather

provides a clarity so that each Defendant is made aware of the specific wrongful acts he is claimed to have committed.

## CONCLUSION

Defendant Lynn has failed to show that the Complaint is unintelligible. The Plaintiffs respectfully request this Honorable Court to deny Defendant Michael Lynn's Motion for a More Definite Statement.

Respectfully submitted

/s/ John A. Beam, III
John A. Beam, III BPR# 11796
Kristin J. Fecteau BPR# 19772
J. Mathew Sharp BPR# 025682
*Beam & Rogers, PLLC*
709 Taylor Street
P.O. Box 280240
Nashville, Tennessee 37228
(615) 251-3131
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2007, I electronically filed the foregoing document with the Clerk of this Court using the CM/ECF system which will automatically send email notification of such filing to all parties who are CM/ECF participants and served defendants who have not yet identified their attorney of record by depositing a copy in United States mail with adequate postage thereon and addressed as follows:

Terry L. Kretz
1695 Jacobs Drive
Gallatin, TN 37066

/s/ John A. Beam, III
John A. Beam, III BPR# 11796
Kristin J. Fecteau BPR# 19772

J. Mathew Sharp BPR# 025682
*Beam & Rogers, PLLC*
709 Taylor Street
P.O. Box 280240
Nashville, Tennessee 37228
(615) 251-3131
Attorneys for Plaintiffs

Page 5 of 5