IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

MARION P. DEMOSS, BARBARA J. )
GALYEN, and PATRICIA J. KELLEY )
                                                )
    Plaintiffs, )
                                                )
v. )   Case No.: 3:07-0405
                                                )   Judge Trauger
TERRY L. KRETZ, )   JURY DEMAND
                                                )
    Defendant. )

## AGREED ORDER OF JUDGMENT

Marion P. DeMoss, Barbara J. Gaylen, and Patricia J. Kelley ("Plaintiffs"), by and through counsel, and Terry L. Kretz, ("Defendant" and/or "Defendant Kretz"), pro se, herein, agree to the entry of this Agreed Order of Judgment.

## GENERAL STIPULATIONS

1. This Agreed Order is executed by Defendant for the purpose of avoiding further action with respect to this cause. The Defendant only admits those allegations stated as a Finding of Fact and/or as a Conclusion of Law as stated below.

2. By entering into this Agreed Order, Defendant Kretz is not waiving any affirmative defense that may be asserted in any other legal or administrative proceeding.

3. The Defendant fully understands that this Agreed Order will in no way preclude additional proceedings by other persons, including government agencies.

Page 1 of 7

4. Defendant expressly waives all further procedural steps, and expressly waives all rights to seek judicial review of or to otherwise challenge or contest the validity of the Agreed Order with respect to the Plaintiffs and these findings, the stipulations, and award of money damages contained herein, and the consideration and entry of said Agreed Order by the Court.

## FINDINGS OF FACT

5. Terry L. Kretz is a citizen and resident of Tennessee.

6. Plaintiff Marion P. DeMoss ("DeMoss") is a resident of Nashville, Tennessee.

7. Plaintiff Barbara J. Galyen ("Galyen") is a resident of Larkspur, California.

8. Plaintiff Patricia J. Kelley ("Kelly") is a resident of Brookfield, Wisconsin.

9. Beginning in 2003, Defendant Kretz was controlling owner of Hanover Corporation, LLC throughout its existence.

10. Except for a two week period in 2006, Defendant Kretz served as CEO and Chairman of the Board of Directors of Hanover Corporation, LLC throughout its existence.

11. Hanover Corporation, LLC issued promissory notes as part of one of its plans to raise capital for Hanover Corporation, LLC.

12. After November 12, 2005, Defendant Kretz, by consenting to the wording on the promissory notes, directly and/or indirectly, represented to the Plaintiffs, that the capital from the notes would be invested in money market funds, options, options on real estate, bonds, treasury notes, bank notes, equity investments and Hanover

Case 3:07-cv-00405 Document 172 Filed 06/01/09 Page 2 of 7 PageID #: 3428

Corporation, LLC operating capital.

13. After November 12, 2005 to the day the business ended, Hanover Corporation, LLC never received income to pay the interest to the Plaintiffs as stated in the promissory notes.

14. Defendant Kretz caused Hanover Corporation, LLC to purchase a lot in the name of Defendant Kretz costing approximately $600,000.00 and located in Fairvue Plantation, Gallatin, Tennessee, which was not disclosed to the Plaintiffs.

15. After the conclusion of the investigation by the State of Tennessee and the decision to cancel the Polutec contract, Defendant Kretz realized that Hanover needed new money and a new direction to continue operations and service monthly payments to existing noteholders.

16. After November 12, 2005, the Plaintiffs believed in the ability of Hanover Corporation, LLC to pay the monthly interest payments promised to the Plaintiffs in the promissory notes, when in reality Hanover Corporation, LLC never received income.

17. By reason of his senior management position and/or directorship in Hanover Corporation, LLC, Defendant Kretz had the power to influence and did influence, directly and indirectly, Hanover Corporation, LLC to engage in the issuance of promissory notes to the Plaintiffs.

## CONCLUSIONS OF LAW

18. As determined in a previous order of this court, the business opportunity in the

form of a Promissory Note offered for sale to the Plaintiffs by Hanover Corporation, LLC was a security in the form of a Promissory Note.

19. After November 12, 2005, Hanover Corporation, LLC, under the control of Defendant Kretz, did not disclose certain material facts, including but not limited to facts about profitability and net worth necessary to Plaintiff DeMoss who purchased a promissory note.

20. After April 9, 2006, Hanover Corporation, LLC, under the control of Defendant Kretz, engaged in a course of business which obtained money from Plaintiffs Kelley and Galyen by omitting to state certain material facts, including but not limited to facts about profitability and net worth necessary to Plaintiff Kelley and Plaintiff Galyen who purchased promissory notes.

21. The Plaintiffs and Defendant Kretz agree that the above statements provide grounds for the entry of this order as a final judgment against Defendant Kretz.

## ORDER

**NOW, THEREFORE**, on the basis of the foregoing, and the Defendant's waiver of right to a trial before a jury of his peers, the Court finds that Defendant Terry L. Kretz, for the purpose of settling this matter, has agreed to the entry of this Order as a final judgment, and that the following Order is appropriate.

**IT IS ORDERED AND DEFENDANT AND THE PLAINTIFFS AGREE,** that defendant Kretz shall

22. Pay Two Hundred Thirty Thousand Dollars ($230,000.00) in principal and interest from the date of purchase at the rate of ten (10%) percent for a total final judgment of Three Hundred Twenty Nine Thousand Three Hundred Forty Eight

Page 4 of 7



and 75/100 Dollars ($329,348.75) through the date of this Order to Plaintiff
Marion P. DeMoss.

23. *That defendant Kretz shall* Pay Fifty Thousand Dollars ($50,000.00) in principal and interest from the date of purchase at the rate of ten (10%) percent for a total final judgment of Sixty Eight Thousand Five Hundred Fifty Six and 04/100 Dollars ($68,556.04) through the date of this Order to Plaintiff Barbara J. Galyen.

24. *That defendant Kretz shall* Pay One Hundred Thousand Dollars ($100,000.00) in principal and interest from the date of purchase at the rate of ten (10%) percent for a total final judgment of One Hundred Thirty Seven Thousand One Hundred Twelve and 07/100 Dollars ($137,112.07) through the date of this Order to Plaintiff Patricia J. Kelley.

25. *That defendant Kretz shall* Pay reasonable attorney's fees to Plaintiffs in the amount of 18%, which is $96,303.03.

26. The Plaintiffs agree not to garnish the wages of Defendant Kretz until the wages of Defendant Kretz exceed $50,000.00 per year, and then further agree not to garnish the wages of Defendant Kretz for so long as no other creditor attempts to garnish the wages of Defendant Kretz and Defendant Kretz makes monthly payments on this Agreed Order of Judgment that are agreed to by the Plaintiffs.

27. Defendant Kretz agrees to apply all proceeds from the *sale* ~~sell~~ of his position in Iraqi Denir once the currency becomes listed up to an amount required to satisfy this Agreed Order of Judgment in full; and that once satisfied in full, the Plaintiffs agree to assign to Defendant Kretz any proceeds they receive from Hanover Corporation, LLC directly related to the *sale* ~~sell~~ of Iraqi Denir.

Page 5 of 7

28. Pay the costs of this matter when this Agreed Order of Judgment is entered as a Final Order.

**IT IS ORDERED** that this Order represents the complete and final resolution of and discharge with respect to all civil claims, demands, actions and causes of action by the Plaintiffs against Terry L. Kretz.

This Agreed Order of Judgment is in the best interest of the parties, and represents a compromise and settlement of the controversy between the parties. This Agreed Order shall have the same force and effect as an Order made after full hearing. By his signature affixed below, Terry L. Kretz, affirmatively states that he has freely agreed to the entry of this Agreed Order of Judgment, that he waives his right to a hearing before a jury on the matters underlying this Agreed Order of Judgment and to a review of the Findings of Fact and Conclusions of Law contained herein in this proceeding, and that no threats or promises of any kind have been made by the Plaintiffs, or any agent or representative of the Plaintiffs. The parties, by signing this Agreed Order, affirmatively state their agreement to be bound by this Agreed Order and aver that no promises or offers relating to the circumstances described herein, other than the terms of settlement set forth in this Agreed Order of Judgment, are binding upon them.

Approved this 1st day of June, 2009.

_____
Judge Aleta Trauger

SUBMITTED BY:

_/s/ John A. Beam_
John A. Beam, III BPR# 11796
Equitus Law Alliance, PLLC
Attorneys for Plaintiffs
709 Taylor Street
P.O. Box 280240
Nashville, Tennessee 37228
Phone: (615) 251-3131
Fax: (615) 252-6404


**APPROVED FOR ENTRY:**

_/s/ Terry L. Kretz_
Terry L. Kretz
186 Putter Point
Gallatin, TN 37066

Phone: (615) 390-7349

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May, 2009, I electronically filed the foregoing document with the Clerk of this Court using the CM/ECF system which will automatically send email notification of such filing to all parties who are CM/ECF participants and served defendants who have not yet identified their attorney of record by depositing a copy in United States mail with adequate postage thereon and addressed as follows:

> Terry L. Kretz
> 186 Putter Point
> Gallatin, TN 37066

_/s/ John A. Beam_
John A. Beam, III (11796)